482 S.E.2d 779

**In the Matter of Richard L. PATTON, Respondent.**

**No. 24592.**

Supreme Court of South Carolina.

Submitted Feb. 25, 1997.

Decided March 10, 1997.

Joseph A. Mooneyham, Greenville, for respondent.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

PER CURIAM:

In this attorney disciplinary matter, respondent conditionally admits to engaging in misconduct and agrees to be suspended from the practice of law for ninety days, retroactive to the date of his temporary suspension. We accept the conditional admission.

Respondent entered into a plea agreement with the Attorney General's Office whereby respondent agreed to plead guilty to one count of failure to make and file a South Carolina Income Tax return in violation of S.C.Code Ann. § 12–54–40(b)(6)(c) (Supp.1995). In exchange for the plea, the State agreed not to prosecute respondent's wife for failing to make and file a tax return for the tax years 1992 and 1993 and agreed not to prosecute respondent for failing to make and file a tax return for the 1992 tax year. Respondent pled guilty pursuant to the plea agreement and was sentenced to imprisonment for one year and fined $10,000, provided that the sentence would be suspended upon the payment of $1,000, costs and assessments and probation for eighteen months. The sentencing order further provided that the probation would be terminated upon payment of the fine, costs, and assessments.

The failure to file a tax return is a serious crime as set forth in Paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. By his conduct, respondent has violated Rule 8.4 of the Rules of Professional Conduct, Rule 407, SCACR, by committing a criminal act that reflects adversely upon his honesty, trustworthiness and fitness as a lawyer and has violated Paragraph 5(E), of the Rule on Disciplinary Procedure, Rule 413, SCACR, by engaging in conduct tending to bring the courts or legal profession into disrepute.

In our opinion, respondent's misconduct warrants a definite suspension from the practice of law for ninety days. Accordingly, respondent is suspended for ninety days, retroactive to

December 18, 1996, the date of his temporary suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of former Rule 413, SCACR.

DEFINITE SUSPENSION.